IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ESCAMILLA,<br><br>Plaintiff,<br><br>v.<br><br>B.M. BOOKMAN, Individually and in his Official Capacity, CHRISTOPHER THOMPSON, Individually and in his Official Capacity, CHARLES A. MCCLELLAND, Jr., in his Official Capacity, and CITY OF HOUSTON,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-2528 |

MEMORANDUM AND ORDER

Pending is Defendants City of Houston and Chief of Police Charles A. McClelland, Jr.'s, Rule 12(b)(1) and 12(b)(6) Partial Motion to Dismiss Plaintiff's Original Complaint (Document No. 7). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

## I. Background

This case arises from injuries allegedly sustained by Plaintiff Jose Escamilla ("Plaintiff") at the hands of Houston police officers when they "were forcing the Plaintiff into an ambulance" that had responded to Plaintiff's 911 emergency call.[1]

[1] Document No. 1 ¶ 12 (Orig. Compl.).

Plaintiff alleges that he accidentally took medication that belonged to his roommate, Jason Nix ("Nix"), that was stored in a bathroom medicine cabinet they shared. After discovering his mistake and informing Nix, they decided to call 911 for an emergency response team.[2] However, by the time Defendant Officers Christopher Thompson ("Thompson") and B. K. Bookman ("Bookman") arrived as part of the 911 response team, Plaintiff was feeling fine and "believed that he did not need any immediate medical help anymore."[3] Plaintiff further alleges that when the ambulance arrived, he and his roommate gave information about the situation, but they explained that he no longer needed immediate medical attention.[4] Nevertheless, the Officers ordered Plaintiff to get into the ambulance and approached Plaintiff, who raised his hand up and reiterated that he was refusing treatment.[5] Plaintiff alleges that Officer Thompson then approached Plaintiff, who was backing away from the ambulance and the Officers, and Officer Thompson grabbed Plaintiff's raised hands, raised him up, and slammed him to the ground.[6] Officer Thompson then pinned Plaintiff down and handcuffed him, even though Plaintiff alleges that he put up no

---

[2] Id. ¶¶ 12-13.

[3] Id. ¶¶ 13-14.

[4] Id. ¶ 14.

[5] Id. ¶ 16.

[6] Id. ¶¶ 16-17.

resistence and was crying in pain, asking Officer Thompson to stop.[7] Plaintiff was then lifted from the ground and transported to the hospital, where Plaintiff alleges the Officers lied to the hospital staff, telling them that Plaintiff fell from standing.[8] Based on the foregoing allegations, Plaintiff alleges, among other claims, official capacity claims against Defendant Houston Police Chief Charles A. McClelland, Jr. ("Chief McClelland"), and negligence claims under the Texas Tort Claims Act ("TTCA") against the City of Houston ("the City").[9] Chief McClelland moves to dismiss the official capacity claims against him for failure to state a claim, and the City moves for dismissal of Plaintiff's negligence claims, arguing that Plaintiff's negligence claims are actually intentional tort claims, from which the City is immune.[10]

## II. Rule 12(b)(1) Motion

### A. Negligence Claim Against the City of Houston

Plaintiff alleges under the TTCA that the City is liable for Plaintiff's injuries as his injuries were the "direct and proximate

---

[7] Id. ¶ 18.

[8] Id. ¶¶ 19-21.

[9] Id. ¶¶ 31-67.

[10] Document No. 7.

result of the negligence of the officers."[11] Plaintiff further alleges that the City "is liable for injuries [Plaintiff] suffered . . . proximately caused by a City employee's commission of a wrongful act in the course and scope of his employment through the use or misuse of tangible personal property; namely, Defendant officers service weapon required by his employer, the City of Houston."[12] The City, claiming governmental immunity, moves under Rule 12(b)(1) to dismiss these claims.[13]

Because governmental immunity deprives the court of subject matter jurisdiction, "[a] Rule 12(b)(1) motion is appropriate when dismissal is sought based on governmental immunity." Mariscal v. Ochoa, CIV. A L-09-91, 2010 WL 466710, at *1 & n.3 (S.D. Tex. Feb. 9, 2010) (Kazen, J.); *see also* Finna Fail, LP v. Moore, CIV.A. H-10-2045, 2010 WL 5437272, at *4 (S.D. Tex. Dec. 27, 2010) (Hoyt, J.) ("The Court does not have subject matter jurisdiction over this dispute because the defendants have governmental immunity.") (granting Rule 12(b)(1) motion to dismiss).

"Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity." City of Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex.

[11] Document No. 1 ¶¶ 60, 62.

[12] Id. ¶ 62.

[13] Document No. 7 at 5-8.

1998). Section 101.057 of the Texas Civil Practices and Remedies Code provides that any limited waiver of sovereign immunity does not apply where the claim arises out of an intentional tort. Gillum v. City of Kerrville, 3 F.3d 117, 123 (5th Cir. 1993) ("This provision shields municipalities from suits arising out of intentional torts committed by governmental employees."); TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 ("This chapter does not apply to a claim . . . arising out of . . . any other intentional tort").

Plaintiff argues that "[t]he officers were negligent in carrying out their duty when they used excessive force in carrying out that duty."[14] The gravamen of Plaintiff's Original Complaint is that Officers Bookman and Thompson intentionally or recklessly used excessive force in not respecting his refusal of medical treatment. Specifically, Plaintiff alleges that

> Officer Christopher Thompson forcefully approached the Plaintiff, got hold of Plaintiff's hands, raised the Plaintiff up in the air and slammed the Plaintiff into the ground.
>
> The officer also pinned the Plaintiff down, rolled the Plaintiff around and put his whole body on top of the Plaintiff in the pelvis area as he handcuffed the Plaintiff even though Plaintiff did not put up any form of resistance. The plaintiff was crying in pain and asking the officer to stop the brutalization but the officer failed to heed to Plaintiff's cry.
>
> . . .

[14] Document No. 10 at 8.

> All of the above acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Escamilla's federally protected right . . .[15]

These are not allegations of "negligence." Officer Thompson's actions, which Plaintiff alleges constitute excessive force, are based on intentional actions. "Claims of excessive force in the context of a lawful arrest arise out of a battery rather than negligence, whether the excessive force was intended or not." City of Watauga v. Gordon, 434 S.W.3d 586, 593 (Tex. 2014). According to the facts alleged by Plaintiff, the Officers intended their actions and even ignored Plaintiff's cries of pain and requests for the Officers to stop. *See* Pinedo v. City of Dallas, No. 3:14-CV-0958-D, 2015 WL 221085, at *10 (N.D. Tex. Jan. 15, 2015) (Fitzwater, J.) ("Even if it is assumed that Officers Robinson and Meltabarger did not intend the extent of the harm they caused Junior, they did intend the unwanted touching--the use of a firearm as well as a Taser."). The TTCA's limited waiver of sovereign immunity does not extend to such intentional conduct of a tortious nature as pled by Plaintiff, and the City of Houston's governmental immunity therefore bars Plaintiff's putative "negligence" action against the City. Plaintiff's "negligence" claims against the City are dismissed for lack of subject matter jurisdiction.

---

[15] Document No.1 ¶¶ 17-18, 22.

B. Punitive Damages

In his assault claim, Plaintiff alleges that "Defendants are liable for compensatory and exemplary damages arising from their negligence and gross negligence." To the extent that Plaintiff seeks exemplary damages from the City, this claim also is dismissed for lack of jurisdiction based on the City's governmental immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.024 ("This chapter does not authorize exemplary damages.").

## III. Rule 12(b)(6) Motion for Dismissal of Chief McClelland

In the caption of his suit, Plaintiff names Chief McClelland as a Defendant in his "official capacity," along with the City of Houston. A suit against the Chief of Police in his official capacity is merely another way of pleading a suit against the City of Houston. *See* Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000). The official capacity claims arising under Section 1983 against Chief McClelland are tantamount to Section 1983 claims against the City of Houston, and are therefore dismissed as to Chief McClelland for failure to state a claim upon which relief can be granted against Chief McClelland. Chief McClelland will be dismissed as a Defendant.

## IV. Dismissal of Officers Thompson and Bookman

By Order Signed January 12, 2015, the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 4(m).[16] Plaintiff subsequently served the City and Chief McClelland but still, more than a year after Plaintiff filed this suit, Plaintiff has never served Officers Bookman and Thompson. Therefore, Plaintiff's claims against Officers Bookman and Thompson are dismissed without prejudice for want of prosecution. *See* FED. R. CIV. P. 4(m).

## V. Leave to Replead

Plaintiff requests that he be allowed to replead any part of his complaint that is insufficiently plead.[17] Leave to amend a complaint shall be "freely given when justice so requires." FED. R. CIV. P. 15(a)(2); Foman v. Davis, 83 S. Ct. 227, 230 (1962). In light of the above analysis, it seems doubtful that a meritorious claim can be pled against Chief McClelland but, nonetheless, Plaintiff is granted leave within 14 days after the date of this Order to file an Amended Complaint against Chief McClelland if he can do so consistent with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

---

[16] Document No. 3.

[17] Document No. 10 at 9.

## VI. Order

For the foregoing reasons, it is

ORDERED that Defendants City of Houston and Chief of Police Charles A. McClelland, Jr.'s, Rule 12(b)(1) and 12(b)(6) Partial Motion to Dismiss Plaintiff's Original Complaint (Document No. 7) is GRANTED. Plaintiff Jose Escamilla's state law negligence claims against Defendant City of Houston and claims for punitive damages are DISMISSED with prejudice for lack of subject matter jurisdiction under the Texas Tort Claims Act and by reason of the City's governmental immunity, and Plaintiff's 42 U.S.C. § 1983 claims against Defendant Charles A. McClelland, Jr., sued in his official capacity, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted against Chief McClelland. It is further

ORDERED that Plaintiff's claims against Defendants Christopher Thompson and B.M. Bookman are DISMISSED without prejudice for want of prosecution. It is further

ORDERED that Plaintiff's request for leave to replead is GRANTED, and Plaintiff within 14 days after the date of this Order may file an Amended Complaint against Chief McClelland if Plaintiff

can do so consistent with Rule 11(b) of the Federal Rules of Civil Procedure.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 2nd day of October, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE